## UNITED STATES DISTRICT COURT
### FOR THE
### SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Angel Felix Aguilar (English)     **Dkt. No.:** 21CR03146-001-CAB

**Reg. No.:** 69230-509

**Name of Sentencing Judicial Officer:** The Honorable Cathy Ann Bencivengo, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II), Transportation of Certain Aliens and Aiding and Abetting, a Class D Felony

**Date of Sentence:** August 9, 2022

**Sentence:** 21 months' imprisonment; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release     **Date Supervision Commenced:** April 7, 2023

**Asst. U.S. Atty.:** Maritsa Ann Flaherty     **Defense Counsel:** Jesus Mosqueda, Fed. Defs., Inc. (Appointed) (619) 234-8501

**Prior Violation History:** Yes. See prior court correspondence.

---

### PETITIONING THE COURT
**TO ISSUE A NO-BAIL BENCH WARRANT**

The probation officer believes that the offender has violated the following conditions of supervision:

| **CONDITIONS** | **ALLEGATIONS OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | 1. On or about August 10, 2023, Mr. Aguilar used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on August 14, 2023. 2. On or about July 17, August 10, and September 6, 20 and 21, 2023, Mr. Aguilar failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at GEO Reentry Services, Inc., as required. |

*Grounds for Revocation:* As to Allegation 1, on August 14, 2023, Mr. Aguilar reported to the U.S. Probation Office and admitted to the probation officer to using methamphetamine on or about August 10, 2023, as evidenced by his signature on a District of California Southern Probation Office Report of Use form.

As to Allegation 2, I have received and reviewed the Chain of Custody for Drug Analysis forms which confirm that on the above dates, Mr. Aguilar failed to submit urine samples, as required. On April 19, 2023, the probation officer reviewed written instructions for drug testing with Mr. Aguilar, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Aguilar was instructed to call the drug testing line after 8:15PM the day before each drug testing day to hear if he was to report for testing, and report for testing if instructed in the automated testing line. Testing days are Monday through Friday.

| **(Standard Condition)** The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 3. On or about September 19, 2023, Mr. Aguilar changed his place of residence without notifying the probation officer, as required. |

***Grounds for Revocation:*** As to Allegation 3, Mr. Aguilar began his term of supervised release on April 7, 2023. On April 19, 2023, the probation officer read and reviewed the conditions of supervision with Mr. Aguilar and instructed him to report any change of residence ten days in advance, if possible, but no later than 72 hours of becoming aware of a change or expected change. Since September 7, 2023, the probation officer has attempted to locate Mr. Aguilar via telephone, to no avail. On September 19, 2023, Mrs. Maria Martinez, Mr. Aguilar's mother, indicated Mr. Aguilar had not been home in the last two weeks and she did not know as to his whereabouts. Mr. Aguilar has failed to contact the probation officer to notify of his change in residence, as required.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Following his release from federal custody on April 7, 2023, Mr. Aguilar reported to the U.S. Probation Office for supervision instructions, as required. Mr. Aguilar released to his mother's residence in El Centro, California and counted on her full support. On April 19, 2023, Mr. Aguilar reported to the U.S. Probation Office in person, and the probation officer reviewed with him his personal history and the conditions of supervised release ordered by Your Honor. The probation officer enrolled him in a drug testing services, consisting of random drug testing. On April 24, 2023, Mr. Aguilar obtained fulltime employment as a general laborer in the field of agriculture. Mr. Aguilar worked long hours and appeared to adjust well to his supervision.

In July 2023, Mr. Aguilar failed to appear to a drug test. In response to the noncompliance, the probation officer provided reprimand and reinstruction. In August 2023, he again failed to appear to a drug test. On August 14, 2023, the probation officer confronted him as to his repeated noncompliance, and he admitted to using methamphetamine on or about August 10, 2023. In response to the noncompliance, the probation officer reprimanded and referred him to drug treatment services at SMART Recovery. On August 30, 2023, Your Honor was informed of the noncompliance and no action was taken, as recommended by the probation officer. Shortly thereafter, Mr. Aguilar halted his participation in drug testing services. The probation officer has attempted to locate him to address this noncompliance, but he has been unavailable at home or via phone. Currently, his whereabouts are unknown.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Aguilar is 33 years-old, single, and has never been married. Mr. Aguilar has no children or dependents. Mr. Aguilar values his work ethic and was employed during his short supervision period. Mr. Aguilar earned a high school diploma and a driver's license. Mr. Aguilar has an extensive record of criminal conduct, which he commenced at age 16. Offenses include property crimes, alien smuggling, domestic violence, battery and exhibiting a firearm. Mr. Aguilar has ties to street and prison gangs. He is a confirmed associate of the "Sureno" prison gang and member of North Side Centro, a street gang in El Centro. Mr. Aguilar struggled to comply during previous probation terms with Imperial County Probation.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

PROB12(C)  
Name of Offender: Angel Felix Aguilar            September 25, 2023  
Docket No.: 21CR03146-001-CAB            Page 4

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations (use of a controlled substance, failure to appear to drug test, and failure to report a change in residence) constitute Grade C violations. USSG §7B1.1(a)(3)(B), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 8 to 14 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... provided that at least one-half of the minimum term is satisfied by imprisonment. USSG §7B1.3(c)(2), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 years supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Agular has a record of violence, including ties to street and prison gangs; he is actively using methamphetamine and has absconded from supervision. To protect the community and ensure his presence in court, the probation officer is respectfully recommending a no-bail bench warrant.

## RECOMMENDATION/JUSTIFICATION

Mr. Aguilar breached Your Honor's trust by using a controlled substance, failing to appear to drug tests, and by failing to report a change of address. Mr. Aguilar's noncompliance with the conditions of supervised release commenced in July 2023, three months into his term of supervised release, after he failed to appear to a drug test. His return to compliance was brief. In August 2023, he relapsed into drug use, and he subsequently absconded from supervision. Prior to absconding, Mr. Aguilar maintained fulltime employment for approximately three months and appeared to most of his drug tests.

This Petition for Warrant is the first before Your Honor. Should Mr. Aguilar be found in violation of the conditions of supervised release, the probation officer respectfully recommends Your Honor revoke supervised release and impose a custodial term of nine (9) months. The probation officer has considered Mr. Aguilar's initial efforts on supervised release with reporting to the probation officer, drug testing, and fulltime employment. The probation officer further recommends Your Honor impose a term of supervised release of 24 months, which

accounts for his success on supervised release for an approximate period of 3 months. The previously imposed standard and special conditions are recommended, including a condition prohibiting association with any gang members or associates, as specified below.

- Must not associate with any person who you know, or who a probation officer or other law enforcement officer informs you is a "North Side Centro"/"Sureno" criminal street/prison gang member or any other known criminal street/prison gang member or known participant in a criminal street/prison gang, unless given permission by the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on:  September 25, 2023**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by     _____
       Jennifer Avila
       Sr. U.S. Probation Officer
       (760) 339-4207

Reviewed and approved:

_____
Lorena Gonzalez
Supervisory U.S. Probation Officer

PROB12CW                                                             September 25, 2023

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Aguilar, Angel Felix

2. **Docket No.** (Year-Sequence-Defendant No.)**:** 21CR03146-001-CAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1)**:**

   | Violation(s) | Grade |
   |---|---|
   | failure to appear to drug test | C |
   | failure to report a change in residence | C |
   | use of a controlled substance | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))        [   C   ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))              [   VI   ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))            [  8 to 14 months  ]

7. **Unsatisfied Conditions of Original Sentence**: List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | | Community Confinement | |
   | Fine($) | | Home Detention | |
   | Other | | Intermittent Confinement | |

**THE COURT ORDERS:**

__X__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

**for** The Honorable Cathy Ann Bencivengo
U.S. District Judge

**9/26/2023**
Date